# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ORNUA FOODS NORTH AMERICA INC. and ORNUA CO-OPERATIVE LIMITED,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>EUROGOLD USA LLC and OLD WORLD CREAMERY LLC,<br><br>　　　　　　　　Defendants. | Case No. 17-CV-510-JPS<br><br><br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

**Decision by Court**. This action came on for consideration before the Court and a decision has been rendered.  The parties hereto, having agreed to a settlement of all claims and counterclaims in this matter, and having stipulated to entry of this Consent Judgment and Permanent Injunction,

**IT IS ORDERED AND ADJUDGED** that the parties' joint motion for entry of a consent judgment and permanent injunction (Docket #35) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED AND ADJUDGED** that:

　　　　1.　　This Court has jurisdiction over Defendants Eurogold USA LLC and Old World Creamery LLC (collectively, "Defendants") and over the subject matter at issue in this action.  Defendants consent to venue and to the jurisdiction of this Court for the purpose of executing and enforcing this Consent Judgment and Permanent Injunction, and this Court retains jurisdiction for this purpose.

　　　　2.　　Plaintiffs Ornua Foods North America, Inc. and Ornua Co-Operative Limited Ornua and its predecessors (collectively, "Ornua") have continuously used the mark KERRYGOLD in the United States in

connection with butter and other dairy products for more than 20 years. In addition to the common law rights in the KERRYGOLD mark, Ornua owns several federal trademark registrations for KERRYGOLD in connection with butter and other dairy products, including Registration Nos. 883,443, 1,452,354, and 4,518,032. The trademarks referenced in this Paragraph 2 are collectively referred to herein as the "KERRYGOLD Trademarks."

3. Ornua has the exclusive right to use the KERRYGOLD Trademarks in commerce on or in connection with butter and other dairy products.

4. Defendants acknowledge the validity of the KERRYGOLD Trademarks and Ornua's ownership rights in the KERRYGOLD Trademarks.

5. Defendant Eurogold USA LLC filed a federal trademark application for the mark EUROGOLD for use in connection with butter and butter blends on March 8, 2017, Application No. 87/363,225. Defendant Eurogold USA LLC filed a federal trademark application for the mark IRISHGOLD for use in connection with butter, butter blends, and cheese on March 14, 2017, Application No. 87/370,539.

6. Defendant Old World Creamery, LLC began selling Irish butter under the IRISHGOLD mark on or about April 10, 2017, and stopped selling Irish butter under the IRISHGOLD mark on or about April 16, 2017. Steve Knaus, an individual, is the sole member and manager of Defendants.

7. Within five (5) business days of the date of execution of this Consent Judgment, Defendants shall submit a request for express abandonment of Application No. 87/370,539, for the mark IRISHGOLD, to the United States Patent and Trademark Office ("USPTO").

8. Within five (5) business days of the date of execution of this Consent Judgment, Eurogold USA LLC shall submit a request to the USPTO for amendment of Application No. 87/363,225, for the mark EUROGOLD, as follows: (a) to amend the mark to EURO GOLD, adding a space between EURO and GOLD, and (b) to amend the identification of goods to add the exclusionary language: "but excluding Irish butter and Irish butter blends."

9. If the USPTO rejects the amendment of the mark to EURO GOLD on grounds that such amendment constitutes a material alteration of the mark EUROGOLD, then Eurogold USA LLC shall promptly file a second request for amendment, to amend the mark to EURO-GOLD, adding a hyphen between EURO and GOLD.

10. If the USPTO rejects the amendment of the mark to EURO GOLD and also rejects the amendment of the mark to EURO-GOLD, on grounds that such amendments constitute material alterations of the mark EUROGOLD, then Eurogold USA LLC may proceed with the application for the mark EUROGOLD as a single word without hyphenation and without a space between EURO and GOLD.

11. Following the approved amendment of the EUROGOLD mark in Application No. 87/363,225 as set forth above, Defendants will only use the mark as amended (e.g., will only use EURO GOLD or EURO-GOLD, and not EUROGOLD), and will use a space, or hyphen, of equal size and font as used for the terms EURO and GOLD.

12. If they have not done so already, Defendants shall immediately remove all signage that includes the mark IRISHGOLD, and shall destroy all labels, packaging, boxes, catalogs, advertisements, point of sale materials and other marketing materials in the possession or control of Defendants bearing the mark IRISHGOLD.

13. Defendants are not prohibited from using packaging depicting cows and pastoral scenes, provided that such packaging is not substantially similar to the packaging for KERRYGOLD products. For example, the pasture background shown in ECF No. 24-1 [**Attachment 1 hereto**] (and only the pasture background) is not substantially similar to the packaging for KERRYGOLD products.

14. Defendants, along with their officers, managers, members, employees, attorneys, accountants, assigns, corporate parents, subsidiaries, agents, representatives, and other persons or entities acting on their behalf or under their control, or anyone else working with or on behalf of Defendants, are permanently enjoined and restrained, directly or indirectly, and whether alone or in concert with others from doing any of the following:

    a. manufacturing, importing, exporting, distributing, licensing, selling, marketing, advertising, promoting, or offering for

sale any butter or other dairy products under the mark IRISHGOLD;

  b. manufacturing, importing, exporting, distributing, licensing, selling, marketing, advertising, promoting, or offering for sale any Irish or Irish-themed butter or other Irish or Irish-themed dairy products under any mark that includes the term GOLD;

  c. manufacturing, importing, exporting, distributing, licensing, selling, marketing, advertising, promoting, or offering for sale any Irish or Irish-themed products, including without limitation any Irish or Irish-themed butter or butter blends, under any variation of the mark EUROGOLD (including EURO GOLD and EURO-GOLD);

  d. manufacturing, importing, exporting, distributing, licensing, selling, marketing, advertising, promoting, or offering for sale any products under any variation of the mark EUROGOLD (including EURO GOLD and EURO-GOLD) presented in a Celtic or Celtic-themed font;

  e. manufacturing, importing, exporting, distributing, licensing, selling, marketing, advertising, promoting, or offering for sale any butter or other dairy products under any other name or mark confusingly similar to the KERRYGOLD Trademarks;

  f. manufacturing, importing, exporting, distributing, licensing, selling, marketing, advertising, promoting, or offering for sale any butter or other dairy products using packaging substantially similar to the packaging for KERRYGOLD butter products, examples of which are shown in **Exhibit A** to the Parties' Joint Motion for Entry of Consent Judgment and Stipulated Permanent Injunction [**Attachment 2 hereto**].

  g. using "Irishgold" or any terms confusingly similar thereto in any domain name, company name, trade name, or other intangible property in connection with the manufacturing, processing, packaging, marketing, distribution, or sale of butter or dairy products;

  h. making any false representation or performing any act likely to induce the mistaken belief that Ornua has in any way approved or is affiliated with, connected to, or associated with Defendants or their products or services;

i. registering or seeking to register with any agency, including but not limited to the USPTO, any name or mark for Irish or Irish-themed butter or other dairy products that includes the term "gold";

j. registering or seeking to register with any agency, including but not limited to the USPTO, any name or mark for butter or other dairy products that is confusingly similar to the KERRYGOLD Trademarks;

k. challenging or assisting others in challenging, either directly or indirectly, the validity, ownership, or enforceability of the KERRYGOLD Trademarks in any U.S. court (state or federal) or other tribunal of the world, including but not limited to the USPTO.

15. Any violation of this Consent Judgment by Defendants will cause Ornua irreparable harm, entitling Ornua to an immediate injunction against Defendants to cease all actions constituting said violation.

16. The parties enter into this Consent Judgment freely and without coercion and acknowledge that they understand all of the provisions of this Consent Judgment and are prepared to abide by them.

17. This Consent Judgment shall inure to the benefit of Ornua and Ornua's successors and assigns; and

**IT IS FURTHER ORDERED AND ADJUDGED** that this action be and the same is hereby **TERMINATED** without costs or attorney's fees to any party.

APPROVED:

_____
J.P. Stadtmueller
U.S. District Judge

STEPHEN C. DRIES
Clerk of Court

July 31, 2017          *s/ Jodi L. Malek*
Date                   By: Deputy Clerk